# SUPREME COURT.

The People on Relation of John Sanderson agt. Homer H.
Payne, William O'Hara and Alvin S. Haynes, inspect-
ors of election of the first election district of the town of
Hunter, in the county of Greene.

*Election law — Duties of inspectors — When mandamus will issue to inspect-
ors, commanding them to reassemble and make a full and true return of
votes for each candidate for a certain office.*

When a return from an election district which had been made to the
board of county canvassers has, by order of the court, been sent back
to the district inspectors for correction, on motion for a *mandamus*,
directed to the district inspectors, commanding them to reassemble and
make a full and true return to the board of county canvassers of all
the votes cast for each candidate for a certain office, and the affidavits
showed that the error, if any, was made by incorrectly adding the
votes counted by each inspector :

*Held, first,* that the right to have such a return made does not depend
upon the present allegations of the inspectors, but upon the fact that
their own statements and affidavits in regard to the result in their dis-
trict has been so conflicting and confusing that the parties interested,
and the people, are entitled to have them reassemble, and, after
deliberation and consultation, certify under their hands, in a formal
and official manner, a true statement of the result at their poll. The
public are entitled to such a statement in an official form to have all
doubts solved, and to hold such officers responsible if they certify
falsely.

*Second.* The writ is necessary so that the individuals comprising the
board of inspectors may meet for consultation, and then give the
result of such consultation.

*Third.* An affidavit of two of the inspectors that the returns as made to
the board of county canvassers is "substantially" accurate, and that
if they meet as a board of inspectors they cannot change the same in
any "material" particular, is not sufficient. They are not to judge
whether or not the correction, if made, will be "material."

*Fourth.* The people are entitled to have a detailed statement of the result
at their poll. What they shall return, the court does not direct, but it
demands and must have from them a written statement, full, clear and
explicit, of what they are willing to declare, over their official signa-
tures and upon their official oaths, is true in regard to the votes cast for
each candidate for the particular office.

*Held*, further, that as confusion and error appears from their own affidavits to have occurred in the gross result by the addition of the separate counts of ballots by each inspector, that they should be required to separately return the votes counted by each inspector.

*Ulster Special Term, December,* 1882.

APPLICATION for a peremptory *mandamus.*

*J. I. & F. Werner* and *James B. Olney,* for relator.

*John A. Griswold,* for Payne and O'Hara, opposed.

WESTBROOK, *J.* — Upon affidavits and evidence which seemed conclusively to establish the fact that the inspectors of election of the first election district of the town of Hunter had not made an accurate return of the votes cast in such district for the office of county judge of the county of Greene, at the election held in November last, this court, by order made at special term, directed the return from such election district, which had been made to the board of county canvassers, to be sent back to the district inspectors for correction.

In directing the board of county canvassers to send such return back to the inspectors for correction, this court held — 1st, that until a correct return had been made of all the votes cast for each candidate for the office of county judge at the late election, the inspectors had not discharged their duties under the law ; 2d, that when duties devolved by law upon an officer had not been discharged, this court had power to compel and direct their discharge (*Matter of Broadhurst,* 16 *Johnson,* 8 ; *see pages* 13 *and* 14, *and cases there cited*) ; and, 3d, that the first step to be taken in the premises was the sending back of the returns to the inspectors for correction (*See S. C., ante,* 201).

A motion is now made by the relator for a *mandamus,* directed to the district inspectors, commanding them to reassemble and to make a full and true return to the board of county canvassers of all the votes cast for each candidate for

Sanderson agt. Payne.

the office of county judge, and, as the affidavits submitted upon the original motion against the board of county canvassers as well as those presented upon the present one showed that the error, if any, was made by incorrectly adding the votes counted by each inspector, that they should also separately return the votes counted by each inspector. To the present application various objections are made, which will be considered:

*First.* The affidavits of two of the inspectors (Payne and O'Hara) are presented, who depose that the return as made to the board of county canvassers is "substantially" accurate, and that if they meet as a board of inspectors they cannot change the same in any "material" particular. Their counsel then argues that, as the foundation of the proceeding — the inaccuracy of the first return — is disputed, this court has no power to award a peremptory *mandamus.*

To this objection there are several answers:

1st. It is conceded that the court should not grant the writ asked for in a peremptory form, when the facts upon which it is demanded are in dispute, but that proposition can have no application to the present case. It is not proposed by the order sought to decide any question of fact contrary to the assertion of the respondents as to what the truth really is. The effect of the writ when granted will be to cause them to assemble in their official capacity as a board of inspectors of election, and to certify and return as such, upon their official consciences and responsibilities, a true and correct statement of the votes cast for each candidate for the office of county judge of the county of Greene at the late election. The right to have such a return made does not depend upon their present allegations, but upon the fact that their own statements and affidavits in regard to the result in their district have been so conflicting and confusing that the parties interested and the people are entitled to have them reassemble, and, after deliberation and consultation, certify under their hands, in a formal and official manner, a true statement of

the result at their poll. The public is entitled to such a state-ment in an official form to have all doubts solved, and to hold such officers responsible if they certify falsely.

2d. The writ is necessary so that the individuals compris-ing the board of inspectors may meet for consultation, and then give the result of such consultation. In law, when duties are confided to a board, it is not at all important to know the individual and separate views of each person comprising it prior to meeting as a board, but their joint views or the views of a majority of them after and upon official consul-tation are required. The reason of this is obvious. Recol-lections and opinions of individuals are often changed by consultation, and those of Messrs. Payne and O'Hara may be, after consultation and deliberation with their associate. This result can only be attained by allowing the writ.

3d. The answering affidavits of Payne and O'Hara are not satisfactory. They do not unequivocally state that their first return is correct in all respects and particulars. They only declare that they can make no "*material*" change. They are not to judge whether or not the correction, if made, will be "material." Of that the court will judge when they have certified the particulars of the count.

*Second.* It is also claimed that the inspectors have met, and that a majority has certified to the board of canvassers of the county that there are no errors to be corrected. To this there are also several answers:

1st. Mr. Haynes, one of the inspectors deposes that there has been no such formal meeting. He details such facts and circumstances attending their hasty assemblage, as to justify the conclusion that there has been no meeting in such form as the law contemplates. There should be consultation between the officers free from the interruptions and sugges-tions of others. Their action should not be influenced by outside pressure from friends of interested candidates. When they deliberate, they should exclude spectators, and after a quiet conversation and consultation, they should affix their

names to a statement showing the result of the poll; and they should do it in view of their official responsibility and accountability.

2d. The return as made is not what is wanted. It contains the same vice that the affidavits do. Their declaration that there are no "material" errors in their former return, is not sufficient. The people are entitled to have a detailed statement of the result at their poll. What they shall return the court does not direct, but it demands and must have from them a written statement, full, clear and explicit, of what they are willing to declare, over their official signatures and upon their official oaths, is true in regard to the votes cast for each candidate for the office of county judge in their district.

Having thus hastily and briefly answered the objections made to the issue of the writ, it is proper to add a word or two as to the direction asked for to return separately the count of each inspector. As there is no express statutory command to the inspectors to make such a declaration, some doubt suggested itself to my mind as to its propriety. Reflection, however, satisfies me that the directions should be given. It is the duty of this court, and it has the power, to compel the inspectors of the election district to discharge theirs. It is vital to know the true result of the vote cast for each candidate for county judge. Confusion, certainly, as appears from their own affidavits, and error also, as alleged, has occurred in the gross result by the addition of the separate counts of ballots by each inspector. To remove such confusion, and to correct such error, if any there be, it is necessary that this statement should be made. As the court has power to compel a true declaration of the result to the board of county canvassers, it must also have the power to direct that to be done upon which, in its judgment, the ascertainment of the truth depends.

For the reasons which have been given, the writ, in the form asked for, must issue.