(18 Misc. Rep. 391.)

In re ELECTION OF MEMBER OF ASSEMBLY FOR FIRST DISTRICT OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County. November 18, 1896.)

ELECTIONS—EXAMINATION OF BALLOTS—PROCEDURE.

A motion is not the proper remedy by a candidate to procure examination of the ballots, on the ground that the count thereof was incorrectly reported by the certificate of the inspectors of election, under Laws 1896, c. 909, § 111, providing that, after the inspectors have certified the result of the election, the ballots shall be returned to the boxes, and that the boxes "may be opened and their contents examined on the order of the supreme court or a justice thereof," since the boxes should not be opened except in a proceeding in which all parties in interest will be bound by the decision.

Application by Patrick McDonnell, a candidate for member of the assembly in the First assembly district of Erie county, for an order permitting an examination of the ballots cast in the Fourth district of the Nineteenth ward of the city of Buffalo at the general election held on November 3, 1896. Order for inspection vacated.

Seward A. Simons, for petitioner.

John Cunneen, for opposing candidate, Cornelius Coughlin.

LAUGHLIN, J. Section 111 of the election law requires that the board of inspectors of election shall, upon the completion of the canvass, make and sign an original statement of the result of the election and two certified copies thereof, and further provides as follows:

"Forthwith upon the completion of such original statement, and of such certified copies thereof, and the proclamation of the result of election as to each candidate, the ballots voted, except the void and protested ballots, shall be replaced in the box from which they were taken, together with a statement as to the number of such ballots so replaced. Each such box shall be securely locked and sealed, and shall be deposited with the officer or board furnishing such boxes. They shall be preserved inviolate for six months after such election, and may be opened and their contents examined upon the order of the supreme court or a justice thereof, or a county judge of such county, and at the expiration of such time, the ballots may be disposed of in the discretion of the officer or board having charge of them." Laws 1896, p. 964.

Pursuant to the command of the statute quoted, the ballots voted by the electors of the Fourth district of the Nineteenth ward of Buffalo were replaced in the ballot box, securely locked and sealed, and returned to the city clerk, he being the officer who furnished the ballot boxes; and he has preserved the ballots inviolate, as required by law. The petition and affidavits of two duly-appointed watchers show that there were 50 split ballots voted in the district in question; that the split ballots were counted by only one of the inspectors of election, who, as required by law, announced, as the result of his count, that McDonnell received 33 votes on such split ballots, and Coughlin only 17; and that this was the correct vote, as shown by such ballots; but that thereafter, in filling out the original statement and certified copies, and proclaiming the final

result, these figures were reversed, and only 17 added to the straight votes for McDonnell, while 33 were added to the straight votes for his opponent. Upon these facts, the petitioner, on an ex parte application, obtained an order directing the city clerk to permit an inspection of the ballots at a time and place of which Coughlin should have notice. Thereafter, on application of Coughlin's attorney, the execution of the order was stayed, and an order was granted by the same justice, requiring the petitioner to show cause at special term why the order for an inspection should not be vacated. This hearing is on the return of the order to show cause.

The purpose for which an inspection is desired, as disclosed by the moving papers, is to demonstrate that a mistake has been made in the count. Counsel for the petitioner contends, as an additional argument for permitting the inspection, that, if the ballots show the votes as claimed, the inspectors will very likely acknowledge their mistake, and ask leave to correct their return. If this erroneous return was made through mistake, the inspectors would in all probability recollect the fact, and acknowledge the mistake, on their attention being drawn to the matter, and offer to make such amends as the law will permit before, as well as after, the opening of the ballot box. If the return is erroneous as charged, then the attitude of the inspectors indicates that some one is guilty of something more serious than a mere mistake. If the inspectors could be permitted to correct such an error, on their own application, the court must necessarily have authority on satisfactory proof, without their application, to direct that the return be sent back to them, and that they correct the same to conform to the facts, so that it will state the true vote. If any relief is to be obtained at the hands of the inspectors, the court can grant it on affidavits, without opening the ballot box in advance; for the presumption under this statute is that the ballots are now in the same condition as when canvassed by the inspectors. The affidavits of the watchers are definite and positive, and show an admission of the only inspector who counted the votes that a mistake may have been made, and that it would be well to have a recount of the ballots. The petitioner shows that another of the inspectors said to him, "I don't think you will lose by a recount in that district." The affidavits show that these inspectors violated the law requiring each member of the board to verify the count of the split ballots. This provision of the statute was enacted to prevent such mistakes as that here complained of. The charges are of such a serious nature that they should be investigated by the court or by the legislature. On any criminal prosecution that may be instituted against any of the members of this board, these ballots, in the box as sealed by them, will be the best evidence to establish their innocence or guilt. The force and effect of the ballots as evidence might be materially impaired if in the meantime the box should be opened, and the ballots inspected by others, even under an order of the court. If, as a result of this mistake, the petitioner should be deprived of a certificate of election, he can contest the

seat of his opponent in the legislature; and, on the investigation by a legislative committee, the court would order the ballot box opened for an inspection of the ballots. These ballots thus preserved pursuant to law would be the best evidence of the vote cast in that district, and would overcome and disprove the correctness of the return.

A quo warranto proceeding cannot be instituted in any case without the consent of the attorney general, and he may arbitrarily withhold such consent. It is discretionary with the legislature and like bodies as to whether a contest for a seat will be entertained. It cannot therefore be said that those are adequate remedies for a candidate who has been elected, but, through fraud or mistake of the inspectors, has been deprived of his certificate of election and of the office. I believe that the law does and it should afford a remedy, either by injunction or mandamus. No authoritative decision can be made on these points on this application. The proceeding should not be dismissed, however, without the court indicating the reason why the order is vacated; and that necessarily involves a general consideration of the probable legislative intent in enacting the law authorizing the court to make an order for the inspection of the ballots. There are cases in the books where the courts have held that, when there is no other adequate remedy, a person who has been elected to an office to which a salary attaches may maintain a suit in equity to enforce his rights. There are also precedents for a writ of mandamus to compel the inspectors to make a true return. Gleason v. Blanc, 14 Misc. Rep. 620, 36 N. Y. Supp. 938; People v. Board of Canvassers of Greene Co., 12 Abb. N. C. 96. There are other cases holding that a mandamus will not lie in such a case. People v. Reardon, 49 Hun, 425, 3 N. Y. Supp. 560; Fiske v. Deverman, 83 Hun, 181, 31 N. Y. Supp. 593; People v. Town Canvassers of Coeymans (Sup.) 19 N. Y. Supp. 206; People v. Board of Canvassers of Chemung Co. (Sup.) 12 N. Y. Supp. 173; Id., 126 N. Y. 392, 27 N. E. 376. The ground of the decisions in these cases seems to be that, inasmuch as the law required that the ballots be destroyed, a recount should not be ordered. The decisions in some of the cases are placed on the ground that the inspectors are functus officio. There is, however, no reason for applying this doctrine to a case where the inspectors have not complied with their statutory duty of making a correct canvass and true return, especially where the ballots are required by law to be preserved, and the inspectors continue in office. Gleason Case, supra; People v. Board of Aldermen of City of Buffalo (Sup.) 20 N. Y. Supp. 1; People v. Schiellein, 95 N. Y. 124; Election Law, §§ 11, 111, 114. A writ of mandamus should not be granted to compel the correction of an election return excepting in a clear case. Where, however, it is undisputed that a mistake has been made, the court may now be warranted in issuing the writ, not to compel the board of inspectors to correct their return in a particular way, or to correspond with the ballots as found on reopening the box, but to reassemble and open the ballot

box, and re-examine the ballots to assist them in determining whether they have made a mistake, and, if they find that a mistake has been made, to remedy it by correcting the return.

I have considered this question quite at length, to show the impropriety of allowing a ballot box to be opened excepting for the purpose of aiding a criminal prosecution, or in a civil action or proceeding, where the court may make a decision that will have some binding force upon the rights of the interested parties and of the public as well. The rights and interests of the petitioner, his opponent, and the public all require that this order for the inspection of the ballots be vacated, but it is vacated without costs.