(22 Misc. Rep. 380.)

PEOPLE ex rel. DECKER et al. v. PARMELEE et al.

(Supreme Court, Special Term, Genesee County.   January, 1898.)

1. MANDAMUS—LOCAL OPTION ELECTION—RECOUNT OF VOTES.
   Mandamus lies to require a recanvass of votes rejected in a local option election, though express provision is made by statute (Election Law, § 114) for mandamus to compel recount of votes rejected, only on application of a candidate voted for.
2. SAME—ALTERNATIVE WRIT.
   Alternative writ to compel recount of votes rejected should state facts warranting the conclusion, and not merely state the legal conclusion that the ballots should have been counted.

Mandamus proceedings by Morris C. Decker and others against Albert A. Parmelee and others.   Defendants interpose demurrer to the alternative writ.    Sustained, with leave.

Bowen & Washburn, for relators.
Randall & Huyck, for defendants.

LAUGHLIN, J.    The alternative writ, issued ex parte, recites that the defendants, other than the county treasurer, constituted the town board of the town of Leroy, Genesee county, and, as such, the inspectors of election at the town meeting held on the 2d day of March, 1897, at which time a separate vote was taken, under subdivision 1 of section 16 of the liquor tax law, on the question as to whether liquor should be sold in that town; and that, on the canvass of the votes, "they rejected 102 ballots, and the votes thereon, which should have been canvassed and counted by them, for alleged technical errors and defects."    It is further alleged in the writ that the proposition for selling liquor was declared lost, whereas, if the rejected ballots had been counted, a majority would have been shown for such proposition.    The demurrer is upon the ground that the writ fails to state facts sufficient to authorize

the court to grant the relief awarded, to wit, a recanvass of the rejected ballots; that they be all counted for or against the proposition; and that the present recorded result of the election be amended or superseded by a new return showing the true result. The writ directs the town clerk to deliver a sealed package containing the rejected ballots to the inspectors; and, while there is no specific allegation of the fact, it is to be inferred that these ballots have been preserved in the manner provided by section 113 of the election law, for preserving void and marked ballots. The case was argued upon the theory that the ballots were thus preserved.

Section 16 of the liquor tax law provides for the submission to the electors of the proposition as to whether liquor shall be sold, upon a ballot in the form of the ballot required for voting on constitutional amendments, and, with respect to the canvass and return of the votes, provides as follows:

"At such town meeting the several questions may be voted upon by the electors who may legally vote thereat. A return of the votes so cast and counted shall be made as provided by law, and if the majority of the votes shall be in the negative on either of such questions, no corporation, association, copartnership or person shall thereafter so traffic in liquors or apply for or receive a liquor-tax certificate under the subdivision or subdivisions of such section 11 upon which the majority of votes have been cast in the negative. * * * A copy of the statement of the result of the vote, upon each of such questions submitted, shall, immediately after such submission thereof, be filed by the town clerk or other officer with whom returns of town elections are required to be filed by the election law, with the county treasurer of the county * * * and no liquor-tax certificate shall thereafter be issued by such officers to any corporation, association, copartnership or person under such subdivision of section 11 of this act upon which a majority of the votes may have been cast in the negative."

Upon grounds of public policy the court have, with one exception I believe (the case of People v. Payne, 12 Abb. N. C. 103), uniformly held that, after the ballots have been canvassed and destroyed under the laws which formerly provided for disposing of them in that manner, a writ of mandamus should not issue to compel the election officers to reconvene and make a new return changing the result, on the ground of fraud or mistake in making the original canvass or return. In view of the very material changes contained in section 111 of the election law, by which the ballots are now preserved in the condition in which they are voted, and, under section 113, may be inspected by an order of the court, it may well be that the rule hereinbefore referred to should not be now applied to such ballots. Section 114 of the election law now expressly provides that a writ of mandamus may issue, upon the application of any candidate voted for at the election, requiring a recount of the votes on the ballots rejected by the inspectors as void and not counted, and also the ballots objected to as marked for identification. The inspectors are required to indorse on all ballots which they reject and exclude from the count as void the specific reason for such rejection, and the return must specify the number of such ballots. Section 111 of the Election Law. The same section of the law requires the inspectors to indorse on all ballots protested as marked for identification the words "Protested as marked for identification," specifying over their signatures the mark or marking to which objection is made; and, while they are not required to count such protested ballots, their

return must contain a statement of the number. The inspectors are also required to preserve and return in a sealed package the void and protested ballots. If that has been done, such ballots are presumably now in the same condition as when the ballot boxes containing them were opened by the inspectors at the close of the polls, and before the canvass. In re Election of Member of Assembly, 18 Misc. Rep. 391, 43 N. Y. Supp. 710, and cases cited.

The alternative writ demurred to does not require a recanvass of the votes counted, but only of the votes not counted. The inspectors had no authority to reject the ballot, and exclude it from the count, excepting where they determined that the ballot was void, and, after such determination, indorsed upon it the specific reason for the rejection. The writ charges that, by the action of the inspectors, about one-tenth of the qualified voters of the town of Leroy were disfranchised by having their ballots wrongfully excluded from the count. The legislature has not deemed it against public policy to compel a recanvass of the void and protested ballots containing the names of candidates for office, but has expressly provided that this may be done. Section 114 of the Election Law. The counsel for the inspectors contends that, inasmuch as no express provision has been made by the legislature for a recount of the votes on constitutional amendments and other propositions, no authority exists, either under the statute or at common law, therefor. If the provisions of the general election law relating to void and protested ballots do not apply to constitutional amendments and propositions submitted to the voters, then it would be the duty of the inspectors, under the liquor tax law hereinbefore quoted, to count all the ballots where they were able to determine the intention of the voter, and the right to the writ of mandamus would be clear. It has always been the law that, without any statutory authority, the supreme court possesses inherent power, by the writ of mandamus, to compel all public officials to perform their statutory duties. Under this power, boards of canvassers and election inspectors may be compelled to reconvene and completely discharge, as required by law, any duty devolving upon them which they have not fully discharged. People v. Board of Aldermen, 65 Hun, 300, 20 N. Y. Supp. 1. See cases cited in opinion. Upon the same principle, if the inspectors have not filled out and signed their return as required by law, they will be compelled to meet again and do so; or, if they have filed conflicting returns, they will be compelled to file new and correct returns. Gleason v. Blanc, 14 Misc. Rep. 620, 36 N. Y. Supp. 938.

If the inspectors were governed by the election law in canvassing and making a return of the ballots voted on this proposition as to whether liquor should or should not be sold in Leroy, then it was their duty to comply with all of its provisions, including the statement in their return of the number of void and protested ballots separately, properly indorsing such ballots and sealing and returning the same. The construction of the election law contended for by the defendants would lead to the anomaly of having the void and protested ballots on constitutional amendments and other propositions submitted thus indorsed, sealed, and returned by the inspectors, and with authority on

the part of the court to open and inspect the same, but all to no pur-
pose, as the court would be entirely without authority to require the
correction of any error that might clearly appear to have been made.
The writ does not contain any allegation as to whether a proper return
was made as required by law, or whether the return contains a state-
ment that the ballots sought to be counted were declared void, or
whether the ballots were in fact declared void by the inspectors, and
so indorsed, or whether the inspectors failed to count any protested bal-
lots.    In a matter of this importance, while I am impressed with the
propriety of compelling these inspectors to properly perform their
statutory duties and of reviewing their action, at least to the extent
of determining whether they have complied with the law, yet a per-
emptory writ of mandamus should only issue on facts conceded or
found; and I think the allegation of the alternative writ that these
ballots should have been counted is an allegation of a legal conclusion,
and that the writ fails to state the facts warranting the conclusion.
If the court were to issue a peremptory writ on this alternative writ,
for aught that appears the inspectors might be compelled to count
void ballots which were properly declared void, indorsed as void, re-
turned as void, and accounted for in the return as void.    On a de-
murrer to an alternative writ of mandamus, resort cannot be had to the
petition or affidavits for the facts to sustain it.    The alternative writ
is a pleading, and must stand or fall on the sufficiency of its own re-
citals of facts.    Code Civ. Proc. § 2076; People v. Columbia Club
(Sup.) 15 N. Y. Supp. 821.    The demurrer must therefore be sustained.

For the purpose of determining whether the relators should have
leave to amend, I have examined the petition and affidavits, and think
they present a meritorious case.    The demurrer is sustained, but with
leave to the relators, within 20 days, and upon payment of costs, to
amend the writ by reciting a plain and concise statement of the facts
set forth in the petition and affidavits on which the writ was issued, or
to apply to the court for an inspection of the void and protested ballots,
and for leave to serve an amended writ setting forth what is shown by
such ballots, and upon other affidavits as they may be advised.    An
interlocutory judgment may be entered accordingly.    Judgment ac-
cordingly.