In re HAYDEN.

(Supreme Court, Special Term, New York County. March, 1898.)

ELECTIONS—CONTESTS—EXAMINATION OF BALLOTS—PROCEDURE.
    Pending a contest for the office of member of assembly, before the committee of the legislature on elections, an order directing that all the ballot boxes of the assembly district in question should be opened, and the ballots therein inspected, was made by a justice of the supreme court, on an affidavit by contestant, stating that errors had been made in the canvass; that the return of the vote was incorrect; and that, if the votes had been correctly canvassed, the return thereof would have shown a plurality for contestant. Held, that the application for such order was regular, under Laws 1896, c. 909, § 111, providing that such boxes "may be opened, and their contents examined," upon the order of the supreme court or a justice thereof."

Application by Thomas J. Hayden, contestant for the seat of assemblyman from the Twenty-Third assembly district of the county of New York, for an order permitting an examination of the ballots cast in said district at the general election held in November, 1897. On order to show cause why the order for such examination should not be vacated. Order to show cause vacated. ·

FREEDMAN, J. This hearing is on orders granted by Mr. Justice Pryor, directing the above-named Thomas J. Hayden, or his attorney, to show cause why an order previously made herein by Mr. Justice

Bischoff on the 18th day of February, 1898, should not be vacated and set aside. The facts are briefly as follows: At the last general election held in November, 1897, Thomas J. Hayden and Mark J. Lowenthal were, respectively, candidates for the office of member of assembly from the Twenty-Third assembly district of the county of New York, Hayden being the candidate of the Democratic party, and Lowenthal the candidate of the Republican party and of the Citizens' Union. There were also two other candidates for this office in such district, who received, however, an insignificant number of votes, and the question of whose candidacy is not in any way involved in this proceeding. By the returns of the boards of inspectors of the various election districts of the Twenty-Third assembly district, and according to the statement of the board of county canvassers of the county of New York, Mark J. Lowenthal received at said general election 5,495 votes for the office of member of assembly from said district, and Thomas J. Hayden 5,370 votes for that office, giving Lowenthal a plurality of 125 votes. Lowenthal was therefore declared duly elected to the office in question, and has been and is at present the sitting member of assembly from the said Twenty-Third assembly district. On January 5, 1898, Hayden filed a notice of protest against such sitting member in the assembly of the state of New York, and demanded that the seat be awarded to him instead, claiming that he, and not Lowenthal, had been elected to the office in question. In accordance with the usual practice of both houses of the legislature when contests are pending before either of them, the assembly thereupon duly appointed a committee on privileges and elections, composed of eight of its members, to which committee the contest resulting from Hayden's protest was duly submitted for determination. Since that time the committee so appointed has been in session on various occasions, and has had before it the sitting member and his counsel and the contestant and his counsel, and has taken some evidence. On February 18, 1898, an order was made by Mr. Justice Bischoff, on the application of the attorney for the contestant, Hayden, directing that the ballot boxes of all of the election districts of the Twenty-Third assembly district of the county of New York be opened at the bureau of elections of the police department of New York City, at its office in police headquarters, by such bureau of elections, on the 25th day of February, 1898, at 10:30 o'clock a. m., and that Hayden or his representatives should be permitted to inspect the ballots contained in such ballot boxes, upon giving three days' notice before February 25, 1898, of the time and place of such inspection to Hon. George McLaughlin, chairman of said committee on privileges and elections of the assembly, and to Mark J. Lowenthal, sitting member of assembly from said Twenty-Third assembly district, or to his counsel, and on giving like notice to the bureau of elections of the police department of the city of New York. The order further directed that said ballot boxes should be so opened, and that such inspection should be made in the presence of a representative of said committee, and also of representatives, respectively, of the contestant and of the sitting member. This order was granted on an affidavit made by Mr. Hayden stating that errors and mistakes had been made

in canvassing the ballots cast in the various election districts of the Twenty-Third assembly district of the county of New York at the last election, and that the return of the vote in said assembly district was false and incorrect, and that, if the votes cast had been correctly and carefully canvassed, the return thereof would show a plurality for Hayden over and above the sitting member. The affidavit further stated that the assembly committee on privileges and elections was in session investigating the facts with regard to this contest, and that for the purpose of such investigation an order to open the ballot boxes, and to permit an inspection of the ballots by said committee, should be made, and that the officer or board having the custody of said ballot boxes should produce the same before said committee. This order of February 18, 1898, was obtained ex parte, and without any previous notice to the committee or any other body or person. The committee thereupon, through its counsel, obtained an order to show cause, and the sitting member procured a like order, why such order of February 18, 1898, should not be vacated .and set aside.

It is conceded that, under the constitution of the state of New York, the New York state assembly is the judge of the elections, returns, and qualifications of its own members, and that this provision gives to the assembly the right and power of determining for itself any contest for a seat in the assembly. It may also be conceded that the committee on privileges and elections of the assembly is a constituent part of such assembly, and that, for the purpose of determining a contested election case brought before it, the committee is intrusted with powers which in their nature are judicial. But the order, as made by Mr. Justice Bischoff, is not an unwarranted attempt to interfere with or dictate to the committee in the performance of its duties. It simply enables the contestant to obtain proof for the purpose of offering to place it before the committee, and thereafter the committee is left entirely free and untrammeled to consider the offer or the proof received under it as it may see fit.

The application of the contestant is calculated to obtain the best proof possible, under the circumstances, and Mr. Justice Bischoff had full power and authority to grant it. As matter of precaution, his order provided that the inspection of the ballots should be upon notice of the time and place of such inspection to the chairman of the committee of privileges and elections of the assembly, to the sitting member or his counsel, and to the bureau of elections of the police department of the city of New York, and in presence of a representative of each of said parties. Now, the committee may, as has been argued, decline to send a representative, and the order may thereupon become nugatory. This is a matter within the discretion of the committee. But if the committee should see fit to adopt this course, the contestant would have the right to apply for a modification of the order. The application of the contestant was regular, under section 111, c. 909, Laws 1896. There is nothing in the opinion delivered by Mr. Justice Laughlin in Re Election of Member of Assembly, 18 Misc. Rep. 391, 43 N. Y. Supp. 710, which militates against the foregoing views; for, while he vacated the order for the inspection of the

ballots as not necessary at the time for the protection of the rights of the petitioner, he expressly declared, at page 393, 18 Misc. Rep., and at page 711, 43 N. Y. Supp., as follows, viz.:

"If, as a result of this mistake, the petitioner should be deprived of a certificate of election, he can contest the seat of his opponent in the legislature, and, on the investigation by a legislative committee, the court would order the ballot box opened for an inspection of the ballots."

The case of In re Tompkins, 23 App. Div. 226, 48 N. Y. Supp. 737, has no application here. It simply decided that a county court has no power to order a recount of ballots, and that the power to do so is vested in the supreme court.

The additional point raised by the sitting member, that the affidavit upon which the order of Mr. Justice Bischoff is based is insufficient to sustain the said order, is clearly untenable. The orders to show cause obtained by the committee of privileges and elections of the assembly, and by Mark J. Lowenthal, the sitting member, should be vacated, and the respective motions denied, and a new day fixed. If the members of the committee on privileges and elections desire to have a particular day named, their wishes will be gratified on the settlement of the orders to be entered. Notice of settlement should be given.