THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Appellant, v. HENRY BANTZ and HERBERT D. MACFARLAND, as Inspectors of Election in the Third Election District of the Third Ward of the City of Mount Vernon, N. Y., and Others, Defendants, Impleaded with EDWARD F. BRUSH, Respondent.

Second Department, January 16, 1918.

**Elections — mandamus — correction of return of canvass of soldier votes.**

Where local inspectors, not provided with tally sheets as required by section 334 of the Election Law, as amended, after they had canvassed soldier votes, returned the result, a candidate for mayor upon affidavit that he had

been informed by an inspector and a watcher that the true results of the count had been transposed by the inspectors, is not entitled to a writ of mandamus to correct the return, as the court has no power in such proceeding to open the ballot box and direct a recanvass of the votes so cast.

But clerical errors on the return or made apparent by not agreeing with the tally sheet may be thus corrected.

The Election Law, section 520, does not take away the safeguards for the correction of errors, but merely declares that soldiers' and sailors' elections may be contested like other elections by citizen voters.

APPEAL by the relator, Edwin W. Fiske, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of December, 1917, denying his application for a peremptory writ of mandamus directing the opening of the ballot box and canvassing the ballots of soldiers, sailors and marines cast in the third election district of the third ward of the city of Mount Vernon, N. Y., on December 18, 1917, and directing the above-named inspectors of election to correct the return of the canvass of the aforesaid votes heretofore filed by them with the commissioners of election, so as to conform with the recanvass thus made, also directing the commissioners of election to receive and file such corrected statement and return in place of the statement of canvass and return already made, and then to transmit said corrected return to the county board of canvassers for the county of Westchester, and directing such county board to canvass such corrected statement and return, also directing the city clerk of Mount Vernon to receive back said ballots, and to retain the same on file in his office, as required by law.

The local inspectors of the third election district of the third ward in the city of Mount Vernon received thirteen votes of soldiers, sailors and marines, duly forwarded to the county board of elections from the Secretary of State under the provisions of the Laws of 1917, chapter 815. The local inspectors met on December 18, 1917, to canvass these votes. They had not been supplied with any tally sheets, as provided by the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], § 334, as amd. by Laws of 1913, chap. 821). One of the inspectors, however, tallied the votes as counted upon a yellow

sheet, which, being unofficial, was not preserved. After they had canvassed the votes for mayor of Mount Vernon, the inspectors returned the result as eight votes for Edward F. Brush, and five votes for Edwin W. Fiske. Subsequently Mr. Fiske, the relator, made affidavit that he had been informed from an inspector and from a watcher that in this return the inspectors had transposed the true results of the count, which was supported by an affidavit from a Republican inspector that he had tallied these votes, and had himself announced the result as eight votes for Fiske and five votes for Brush; that if the return showed otherwise it must be error.

Mr. Justice Tompkins denied this motion for mandamus. He held that the right of the county canvassers to summon district inspectors of election to correct their return applied only to clerical errors, such as might appear on the return or upon the tally sheets; that relator's proper remedy was by quo warranto. (See *People ex rel. Fiske* v. *Inspectors of Election*, 102 Misc. Rep. 136.) The relator has appealed.

*Arthur M. Johnson [Sydney A. Syme* and *Frank A. Bennett* with him on the brief], for the appellant.

*George H. Taylor, Jr. [James H. Cavanaugh* with him on the brief], for the respondent.

Per Curiam:

We agree with the learned justice at Special Term that this relator could not have mandamus in this proceeding. Clerical errors on the return, or made apparent by not agreeing with the tally sheet, may be thus corrected. (Election Law [Consol. Laws, chap. 17; Laws of 1909, chap. 22], § 432, as amd. by Laws of 1913, chap. 821; *Matter of Stewart*, 155 N. Y. 545.)

But in the present proceeding the courts have not power to open the ballot box and direct a recanvass of the votes so cast. (*People ex rel. Brink* v. *Way*, 179 N. Y. 174; *People ex rel. March* v. *Beam*, 188 id. 266; *Matter of Hearst* v. *Woelper*, 163 id. 274; *Matter of Tompkins*, 23 App. Div. 224; *Matter of Election of Member of Assembly*, 18 Misc. Rep. 391.)

Section 520 of the Election Law does not take away these safeguards, but merely declares that soldiers' and sailors'

elections may be contested like other elections by citizen voters.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order of December 26, 1917, affirmed, with ten dollars costs and disbursements.