THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Appellant, *v.* HENRY BANTZ et al., as Inspectors of Election in the Third Election District of the Third Ward of the City of Mount Vernon, et al., Defendants, and EDWARD F. BRUSH, Respondent.

Election — when court cannot compel inspectors of election to produce a tally sheet or to recanvass the vote.

There is no authority in the Election Law or otherwise to warrant an order of the Supreme Court directing inspectors of election to produce a tally sheet where the effect would be a direction to them to make a tally sheet from memory, or where nothing is omitted from the statement of the canvass and no merely clerical mistakes exist therein, to direct the inspectors to recanvass the vote.

*People ex rel. Fiske* v. *Bantz*, 181 App. Div. ——, affirmed.

(Argued January 28, 1918; decided February 5, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 18, 1918, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus directing the inspectors of election of the third election district of the third ward of the city of Mount Vernon to correct their return or statement of the canvass of the votes of the soldiers, sailors and marines made by them on the 18th day of December, 1917, in so far as the said statement or return transposed the figures of such votes actually canvassed for the Democratic and Republican candidates for mayor of said city. The relator, Edwin W. Fiske, and the respondent, Edward F. Brush, were rival candidates for the office of mayor of the city of Mount Vernon, at the general election held in that city on November 6, 1917. The votes of the soldiers and sailors in said election were canvassed in the several election districts of said city on December 18, 1917. In the third election district of the third ward of said city the votes of thirteen soldiers and sailors were so canvassed on the said last-mentioned date. As canvassed, counted, tallied and announced at the conclusion of the canvass, eight

of such votes had been cast for the relator, Edwin W. Fiske, for mayor, and five for the respondent, Edward F. Brush, for mayor. On the one and only copy of any statement of canvass made by them the inspectors of election inadvertently returned the result of their canvass to be only five of such votes for the relator, Edwin W. Fiske, and eight for the respondent, Edward F. Brush, thus exactly transposing the actual result. The present proceeding was entertained and determined at Special Term as one for the correction of a clerical error under the provision of section 432 of the Election Law, and not otherwise. The Special Term justice denied the application upon the ground that no error or omission appeared upon the face of the return or tally sheet; that the inspectors could not impeach their own return, and that there was no tally sheet within the meaning of the Election Law. The Appellate Division affirmed the Special Term upon the ground that, as a matter of law, the relator was not entitled to any relief herein.

*Arthur M. Johnson, Sydney A. Syme* and *Frank A. Bennett* for appellant.

*George H. Taylor, Jr., James H. Cavanaugh* and *J. Henry Esser* for respondent.

*Per Curiam.* The inspectors made their return on a printed form furnished to them as provided by statute, and such return is complete and does not bear evidence of any clerical error existing therein. No tally sheets were furnished the inspectors or attached by them to the return to the board of canvassers. No tally sheet was kept by them except that one of the inspectors "kept count on a yellow sheet of paper;" and it affirmatively appears by the affidavits presented by the relator, for the purpose of obtaining an order to show cause herein, that such yellow sheet of paper was not preserved. The value of a tally sheet arises from its record of a count recorded before the return is completed. An order, upon the facts before us, directing the inspectors

to produce a tally sheet, would in effect be a direction to them to make a tally sheet from memory. There is no authority in the statute or otherwise to make such an order, or where nothing is omitted from the statement of the canvass, and no " merely clerical mistakes exist therein," to direct the inspectors to recanvass the vote as prayed for herein. With these statements we concur with the per curiam opinion of the Appellate Division.

The order should be affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and McLAUGHLIN, JJ., concur; HOGAN and CRANE, JJ., dissent.

Order affirmed.