## CHICAGO AND ERIE RAILROAD COMPANY *v.* KEEFER.

[No. 9,571. Filed June 5, 1918.]

1. RAILROADS.—*Action for Killing Stock.—Circumstantial Evidence.*—In an action against a railroad company for killing a horse, under allegations that the horse escaped to the defendant's right of way and was killed by a train because of the defendant's failure to maintain a proper fence, as required by §§5436-5442 Burns 1914, §§4025-4031 R. S. 1881, the fact that a train struck or came in contact with the horse could be proved by circumstantial evidence. p. 17.

2. RAILROADS.—*Action for Killing Stock.—Sufficiency of Evidence.*—In an action against a railroad company for killing a horse, alleged to be due to the defendant's failure to maintain a proper fence, as required under §§5436-5442 Burns 1914, §§4025-4031 R. S. 1881, evidence that the horse escaped through the fence, that tracks indicated that it had run along the railroad track to a bridge and had started to cross the bridge, that its body was found in the bed of the stream below, that its neck was broken and its breast bruised, was insufficient to sustain a verdict for the plaintiff, there. being no evidence that any trains passed over the railroad from the time the horse escaped until its dead body was found in the stream. p. 18.

From Huntington Circuit Court; *Claud Cline*, Special Judge.

Action by Mathias Keefer against the Chicago and Erie Railroad Company and another. From a judgment for the plaintiff, the named defendant appeals. *Reversed.*

*W. M. Johnson, C. K. Lucas, Adams, Follansbee, Hawley & Shorey* and *Mark H. Miller*, for appellant. *R. A. Kaufman* and *Watkins & Butler*, for appellee.

CALDWELL, C. J.—Appellee brought this action against appellant and a construction company to recover the value of a horse alleged to have been run against and killed by one of appellant's trains. The

verdict and judgment were in favor of the construction company. The cause of action against appellant was predicated on §§5436-5442 Burns 1914, §§4025-4031 R. S. 1881, it being alleged that appellant failed to maintain a proper fence along its right of way, and that as a consequence appellee's horse escaped from his inclosure onto appellant's right of way and railroad, and was struck and killed as aforesaid. Verdict was returned, and judgment rendered in appellee's favor and against appellant for $190. The material evidence, the sufficiency of which is challenged, was to the following effect: Appellant's railroad extends northwestward from Huntington through appellee's farm. Prior to May 10, 1913, appellant had completed an additional track along the east side of its old track, so that it was operating a double-track railroad through appellee's farm. Trains west bound used the northeast track and trains east bound used the southwest track. Along appellee's farm the tracks lay on an embankment about fifteen feet high. A few rods southeast of appellee's farm appellant's tracks extended over a bridge, the tracks on the bridge being fifteen to twenty feet above the bed of the stream. On the night of May 10, 1913, appellee's horse escaped from his field adjoining the railroad, and the next morning it was found lying dead in the bed of the stream north of the west end of the bridge.

The evidence was sufficient to establish that it escaped through the right of way fence, and that it strayed southward along the right of way and tracks to where its body was found. There was no evidence on the subject of whether

1.

trains traversed the railroad between the time when the horse escaped and when it was discovered in the bed of the stream dead. It results that there was no direct evidence that a train struck or came in contact with the horse. Such facts may, however, be proved by circumstantial evidence. *Cleveland, etc., R. Co.* v. *Vincent* (1915), 60 Ind. App. 476, 109 N. E. 810. The circumstances shown by the evidence and bearing on the question of the manner in which the horse was killed were as follows: Tracks indicated that the horse had started across the bridge; that just before it reached the bridge, its tracks indicated that it was running along the east side of the east track; that when found the horse's neck was broken, and there was some hair gone off the breast. One witness testified that the horse "was bruised a little bit in his breast." There was no evidence of any other wounds or injuries, and no other circumstances indicating the manner in which the horse was killed. The evidence is not sufficient to sustain the verdict. See *Pittsburgh, etc., R. Co.* v. *Vance* (1914), 58 Ind. App. 1, 108 N. E. 158, where the subject is fully considered. Other questions presented are not decided.

Judgment reversed, with instructions to sustain the motion for a new trial. Since there is some question as to the sufficiency of the complaint, permission is granted to amend it if desired.

NOTE.—Reported in 119 N. E. 807. Railroads: liability for failure to fence right of way, 9 L. R. A. (N. S.) 347, L. R. A. 1915E 539.