In the Matter of the Application of OSCAR GOLDIN for an Examination of Ballots under the Election Law.

Supreme Court, Suffolk County, April 18, 1939.

*Stanley S. Corwin,* for the petitioner.

*Frederick H. Tasker, Village Counsel,* for the village of Greenport, respondent.

SWEZEY, J.   The petitioner moves herein for an order permitting an examination of the ballots for the election of trustees of the village of Greenport.   He was an unsuccessful candidate for that office and claims that the vote was not properly canvassed as required by the Election Law.   The respondent, besides denying the allegations of the petition, urges that the provisions of the Election Law do not apply to village elections and further contends that the petition should not be entertained because it is based merely " upon information and belief."

Section 53 of the Village Law requires that a canvass of the vote shall be made.   No provision is made, however, for the mode of canvass.   Section 51-a of the Village Law provides that village elections shall be conducted in accordance with the provisions of the Village Law and the Election Law.   Because of the omission in the Village Law, sections 215, 216 and 217 of the Election Law, providing for the method of canvass and tally, are applicable to village elections.

In the third paragraph of the petition the particulars concerning the claimed violation of the Election Law are set forth.   If those allegations, which are " upon information and belief " are substantiated, a *prima facie* case for relief would be established. (*Matter of Gabelmann,* 136 Misc. 641; *Matter of Weinfeld,* 119 id. 612.)

The Supreme Court is expressly empowered to summarily determine whether an examination should be permitted.   (Election Law, §§ 333, 335; Village Law, § 53-a.)

The court will, therefore, take proof on the matters set forth in paragraph " 3 " of the petition at the court house in Riverhead on April 24, 1939, at eleven A. M.