In the Matter of THOMAS L. CALLAHAN, Petitioner, against GEORGE DENNIS et al., Respondents.

Supreme Court, Special Term, Albany County, April 4, 1955.

*William E. J. Connor* and *Morris Millman* for petitioner.

*Harold V. A. Drumm* for George Dennis, respondent.

*Ralph O. Hoffman, Village Attorney,* for Village of Chatham.

*Thomas P. Kennedy* for Board of Inspectors of Village of Chatham.

TAYLOR, J. Petitioner, a write-in candidate for Mayor of the Village of Chatham in Columbia County, seeks a recanvass of all the votes cast at the election held on March 15, 1955, for that office. His opponent, the respondent Dennis, has been proclaimed by the inspectors of election the successful candidate. Paper ballots were used in the election. There is no claim of fraud, bad faith or chicanery.

The petition alleges that the total votes cast for the office of Mayor in the election were 785 and that the result of the vote for Mayor as announced by the inspectors was 306 in favor of the petitioner, 327 in favor of the respondent Dennis, 84 void ballots, 67 blank ballots and 1 torn ballot. The 67 blank ballots, it avers, were arrived at by subtracting the number of votes otherwise accounted for from the number of votes cast. It further alleges: " 7. That Henry Warm, one of the watchers for your petitioner, Thomas L. Callahan, informed your petitioner that he did not see any of the 67 blank ballots and was not satisfied and that a request should be made to determine where the 67 blank ballots were. That thereafter your petitioner notified Ralph O. Hoffman, the attorney for the Village of Chatham, that he was dissatisfied with the count and wanted to look at the so-called 67 blank ballots. That on the 16th day of March, 1955, Mr. Ralph O. Hoffman called your petitioner and informed him that he had spoken with George Dennis and George Dennis was agreeable that an inspection be made of the so-called 67 blank ballots; that the said George Dennis could not be present, but that Ralph O. Hoffman could act as his agent in looking over the 67 so-called blank ballots. That on the 16th day of March, 1955, at 1:15 P.M. in the Village Hall in the Village of Chatham, in the presence of Harry Mack, Police Chief of the Village of Chatham, Ralph O. Hoffman, acting as a representative of the said George Dennis, and as Village Attorney and as Supervisor of the Town of Chatham, Thomas L. Callahan, your petitioner, Richard A. Mason, Village Clerk, and Henry Warm there was an inspection and recount of all the votes cast for the office of Mayor of the Village of Chatham. That the result of that inspection and recount showed the following:

Petitioner Thomas L. Callahan........ 371 votes
Respondent George Dennis........... 327 votes
Void for Petitioner Callahan.......... 11 votes
Void for Respondent Dennis......... 69 votes
Blank ballots ...................... 6
Torn ballot........................ 1

making a total of 785, the number of ballots issued on the 15th day of March, 1955."

The relief which the petitioner seeks is " that this court direct a recanvass of the votes cast in the Village of Chatham, Columbia County, New York, for the office of Mayor and direct the Board of Inspectors of said Village to correct the statement of canvass and return heretofore filed by them, and direct that the said Board of Inspectors re-convene for the foregoing purpose."

The court is without power or authority and the parties cannot by consent vest it with jurisdiction to conduct or to order a general recount or recanvass of all votes cast at an election. (*Matter of Holley* [*Rittenberg*], 268 N. Y. 484; *People ex rel. Brown* v. *Freisch*, 215 N. Y. 356; *Matter of Tamney* v. *Atkins*, 209 N. Y. 202; *People ex rel. March* v. *Beam*, 188 N. Y. 266; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Tefft*, 259 App. Div. 782; *Matter of Oliver*, 234 App. Div. 170; *People ex rel. McCourt* v. *Whalen*, 199 App. Div. 861; *People ex rel. Fiske* v. *Bantz*, 181 App. Div. 702, affd. 222 N. Y. 676; *Matter of Goldin*, 171 Misc. 759, 761; *Matter of Flanagan*, 158 Misc. 295.)

Its power is limited to directing a recanvass of or the correction of any error in the canvass of only " Protested, wholly blank or void ballots shown upon the statement of the canvass in [the] election district ". (Election Law, § 330, subd. 4; *Matter of Commerdinger* v. *Vincent*, 270 N. Y. 657.) No ballot appears to have been protested. The ballots which the inspectors of election considered wholly blank or void were not marked and packaged as required by sections 213 and 219 of the Election Law. Moreover on the day following the election all of the ballots were removed from the ballot box, inspected and recounted by others than the inspectors of election. Under these circumstances a direction that the inspectors now select the identical ballots considered by them to have been blank and void at the time of their canvass at the close of the polls for the purpose of making a recanvass thereof would be futile indeed. (*Matter of Sweeney*, 222 App. Div. 849; *People ex rel. Brown* v. *Freisch, supra*, pp. 370, 371; *People ex rel. McCourt* v. *Whalen, supra*.) It would seem that the only remedy available to the petitioner is a plenary action in quo warranto. (*People ex rel. Brink* v. *Way, supra*; *Matter of Bonacker* v. *Clark*, 254 App. Div. 801.)

The ballots were transmitted for general recanvass to the court on the unanimous consent of counsel for all the parties at the Special Term and the court regrets that such consent is utterly insufficient to confer jurisdiction to undertake a general

recount or recanvass, as suggested, of all the votes cast at the election.

The petition is accordingly dismissed without costs, the interim stay vacated and the inspectors of election are directed to appear at my chambers at Troy, New York, at 1:45 P.M. on April 6, 1955, for the purpose of returning the ballots to the ballot box and sealing same.

Submit order.