Matter of the Application of CHARLES ULRICH AND OTHERS, for an Examination of Certain Ballots and Ballot Boxes in the Custody of the Town Clerk of the Town of Bath, Steuben County, New York.

(County Court, Steuben County, April, 1910.)

**Election of officers — Count, canvass and return — Opening ballot boxes — When ordered.**

Where no judicial proceedings are pending and it does not appear that any will be brought, the court is without power to grant an order under section 374 of the Election Law to open ballot boxes containing ballots not void or protested, upon the application of parties who allowed the time within which they might have applied for a mandamus under section 381 to expire.

APPLICATION for an order to open ballot boxes in the custody of the town clerk containing the ballots, except void and protested ballots, voted on the question of licensing hotels in the town of Bath, under section 374 of the Election Law.

James McCall and Monroe Wheeler, for petitioners.

Henry V. Pratt, for town clerk, town of Bath.

William P. Borden, for State Commissioner of Excise.

W. S. Reed, for Good Citizenship League.

BURRELL, J.   The petition sets forth among other things that the petitioners are hotel-keepers in the town of Bath, Steuben county, N. Y.; that, on November 2, 1909, there were submitted to the electors of that town, pursuant to section 13 of the Liquor Tax Law, four questions in order to determine the will of the electors as to the sale of liquors in said town after October 1, 1910; that question No. 4 related to the sale of liquor by a hotel-keeper; that the returns show that 827 persons voted in favor of and 847 persons voted against said question No. 4.

The petition alleges that the inspectors were careless in canvassing the ballots and the petitioners believe that the electors really voted " Yes " on said question No. 4 instead of in the negative and that an inspection of the ballots in the ballot boxes will disclose that fact and that the returns as filed by the inspectors show forty-six ballots unaccounted for and allege irregularities in the method of counting.

On the argument several affidavits of inspectors and watchers in the various districts were filed in answer to the petition, stating that the count was made carefully and correctly and the correct result given, and any ballots unaccounted for in the returns as filed were clerical errors made in copying the returns as filed instead of any error in the count.

This application is made under section 374 of the Election

Law, which was, prior to the Consolidated Laws of 1909, a part of section 111 and reads as follows:

"*Preservation of ballots not void or protested.*— Forthwith upon the completion of such original statement and of such certified copies thereof, and the proclamation of the result of the election as to each candidate, the ballots voted, except the void and protested ballots, shall be replaced in the box from which they were taken, together with a statement as to the number of such ballots so replaced. Each such box shall be securely locked and sealed, and shall be deposited with the officer or board furnishing such boxes. They shall be preserved inviolate for six months after such election and may be opened and their contents examined upon the order of the supreme court or a justice thereof, or a county judge of such county, and at the expiration of such time the ballots may be disposed of in the discretion of the officer or board having charge of them."

The power of the court is challenged to open these ballot boxes under this application and permit an examination of the ballots for any purpose, and it is further urged that they cannot be opened except where there is a judicial action pending or for the purpose of a criminal proceeding.

It is true the section is silent as to the conditions under which the power given to the court by the plain reading of the foregoing section is to be exercised; and so the question is squarely presented, under what circumstances can a court or judge exercise the power given under this section.

It is admitted by counsel for the petitioners that no judicial action touching the controversy is pending or about to be commenced. Indeed they very frankly stated on the argument that this proceeding was a " Fishing Excursion " for the purpose of finding out, if possible, whether they had any right of action or not. Their time to proceed under section 381 as to the void and protested ballots having expired, they had a desire to examine these ballots locked up in the ballot boxes as a matter of curiosity, largely, not knowing whether any proceedings of any nature could be had, even if they found on such examination that errors had in fact been committed.

In their contention the petitioners largely rely upon the case of Matter of Van Cott, 34 Misc. Rep. 411; and, while I agree with the opinion and the reasons for it in that case, it can hardly be an authority in the case at bar, for the reason that it refers entirely to the examination of *void and protested* ballots, which is not the application here at all and over which the County Court concededly has no power. Also the case of People ex rel. March v. Beam, 188 N. Y. 266, can hardly be said to be controlling in the case at bar, for in that case the *void and protested* ballots had been locked in the ballot boxes, when the law directed otherwise; and the court there decides that the boxes containing these void and protested ballots should be opened and these ballots unlawfully therein removed and disposed of according to law. So that any proceedings authorized by section 114 (now section 381) may be instituted. It will thus be seen that the occasion requiring the opening of the boxes in that case arose upon a different state of facts and was granted for an entirely different object than is sought upon this application.

In People ex rel. Brink v. Way, 179 N. Y. 174, which arose by way of a writ of mandamus, the court in discussing the power to open the ballot boxes under section 111 (now 374), says:

" We have, then, two provisions of the Election Law conferring authority on the court — provisions which bear evidence of very careful consideration. The one provides for a canvass and recount of certain ballots not replaced in the ballot box, * * *. The other relates to the ballots directed to be replaced in the box, after which the box shall be ' securely locked and sealed.' As to the ballots referred to in the last sentence, the statute does not undertake to confer upon the court or a judge thereof the power to direct a recount. Instead, it authorizes the court to open the boxes and permit their contents to be examined. There the authority stops; whether wisely or not is of no consequence to the court. * * *

" The object of the preservation of the ballots, and the granting of the power to the court to order an examination of them, would seem to be that it furnishes a further check

upon the perpetration of fraud by local boards of canvassers. It accomplishes this, necessarily, because the canvassers know that for six months after the canvass the evidence of how the people voted is to be preserved in such form that it may be used not only to deprive, possibly, the intended beneficiary of the fruit of his office, but also that it may be used against the canvassers in criminal proceedings. * * * The court, however, secures no more power or authority by this statute than it in terms gives. * * * And the court has no right to take any power in the premises not granted to it. * * * This section is not intended to confer upon a judge the power to capriciously order ballot boxes to be opened and examined, nor will it be so construed by the courts. The power is conferred to the end that it may be used in judicial proceedings pending or about to be commenced."

Also, in the case of Matter of Hearst v. Woelper, 183 N. Y. 274, the court, in discussing the same subject, holding that the court has no power to do anything except permit an examination of the sealed boxes in judicial proceedings and that the purpose of the preservation of the ballots was to furnish the best evidence in proceedings in the nature of quo warranto to try the title to office, says: "It was the object of the Election Law, * * * to permit a secret ballot, to secure an honest count and to preserve, for a reasonable time, the best evidence in the event of judicial, or of legislative, proceedings, instituted, after the election was closed, for the purpose of criminally convicting the unfaithful election officer, or of trying the title of a person to the office, * * * or of an inquiry conducted by the Federal, or by the State, legislature, to determine the right to a seat in the body. * * * Some finality of action on the part of the election board was intended and the power to review appears to be confined to the decision upon ballots rejected as void, or as marked for identification (sec. 114), leaving any further examination of the ballots, which have been counted without objection and sealed up, to be made in the proceeding instituted by a defeated candidate to try the title of his successful opponent to the office. * * * Further, the preservation of the ballot boxes, under lock and seal, is directed for six months as evidence for use in the courts."

To the same effect is the case of People v. McClellan, 191 N. Y. 341; and the court says: " The statute was not intended to confer upon a judge out of court the power to capriciously order ballot boxes to be opened and examined, unless it was to the end that they may be used in judicial proceedings *pending or about to be commenced.*"

In Matter of Election of Member of Assembly for First District of Erie County, 18 Misc. Rep. 391, the Supreme Court refused to allow an inspection of the ballots and showed the impropriety of allowing ballot boxes to be opened, except for the purpose of aiding a criminal prosecution or in a civil action or proceeding.

It seems to me very clear from reading the cases cited by counsel that the Election Law does not contemplate that any court or judge will order ballot boxes opened for any cause, much less as a matter of curiosity, except for use in an action pending or possibly about to be brought, or in a criminal proceeding.

What an examination of the protested and void ballots would have shown no one knows; and, as the parties have slept on their rights and allowed the time to expire in which they might have examined them, it seems to be the policy of the courts to keep those ballots which were not void and protested, and in regard to which no objection was made at the time of the counting, and which were locked up in the ballot boxes as required by law — it seems to be the policy of the courts to keep these ballots just as secret as are the others and only to open them and permit an examination in some pending judicial proceeding.

There are no judicial proceedings pending in this case and no evidence of any about to be brought, and courts cannot for curiosity's sake grant such orders. I am of the opinion that the court has no power to grant the relief asked for in this proceeding.

It follows that the petition should be dismissed and the application denied, but, under the circumstances, without costs.

Ordered **accordingly.**