In re ULRICH et al.

(Steuben County Court.  May 31, 1910.)

1. ELECTIONS (§ 299*)—CONTEST—RE-EXAMINATION OF BALLOTS—STATUTES.
   Where there was no sufficient evidence that any ballot cast at an election on a local option question was not counted as cast, and no objection was made by any one at the time, but the result was accepted as correct for several months, until an application was made for re-examination and recount of the ballots, and to obtain the same an action was instituted in the Supreme Court against certain officers to falsify the returns as to them, petitioners were not entitled to such examination, under Election Law (Consol. Laws, c. 17) § 374, providing for the opening of ballot boxes and an examination of the contents thereof by an order of the Supreme Court, or a justice thereof, or a county judge of the county.
   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 299.*]

2. ELECTIONS (§ 305*)—ELECTION BOARDS—FINALITY OF ACTION—REVIEW.
   Since the election law contemplates finality of action on the part of election boards, the power to review is confined to the decision on ballots rejected as void or marked for identification, as provided by section 114, c. 909, Laws 1896.
   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 305.*]

3. ELECTIONS (§ 299*)—BALLOTS—OPENING BALLOT BOXES—"FOR USE AS EVIDENCE."
   Under Election Law (Laws 1896, c. 909) § 114, authorizing a re-examination of ballots "for use as evidence," ballots may not be re-examined merely to find out whether the ballot boxes contain evidence to substantiate petitioner's claim; but the term contemplates the opening of boxes in court, to offer the actual ballots in evidence, if necessary.
   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 299.*]

Application by Charles Ulrich and another to open certain ballot boxes in the custody of the town clerk of the town of Bath, and to examine the ballots therein contained, in aid of an action in the Supreme Court against the State Excise Commissioner and others, to falsify the returns certified to by the election officers, by which defendants hold their several offices pursuant to an election held November 2, 1909. Application denied.

Monroe Wheeler and James McCall, for petitioners.
H. V. Pratt, for town clerk.
Stephen S. Read, for Good Citizenship League.
Russell Headley (William P. Borden, of counsel), for State Excise Com'r.

BURRELL, J.  The petition states that at the election held in the town of Bath, Steuben county, N. Y., on the 2d day of November, 1909, a vote was had pursuant to the provisions of the liquor tax law (Consol. Laws, c. 34), to determine whether liquor should be sold in said town; that on the question of the sale of liquor by hotel keepers the returns show that 827 persons voted in favor of and 847 persons voted against said question, which was numbered question No. 4.  The petitioners allege that they believe that the question was really carried in the affirmative, instead of in the negative, and that an examination of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ballots sealed up in the ballot boxes will disclose that fact. It is also alleged that the returns filed by the inspectors in the various districts show that 46 ballots are unaccounted for, and allege irregularities in the method of counting the same by the inspectors.

Several answering affidavits have been filed in answer to the claim made by the petitioners, affidavits made by inspectors and roll clerks who officiated as such in the various districts at said election. Those affidavits show that the count on this question was made carefully and correctly, and further state that any apparent discrepancies in the number of ballots cast in the returns as filed were simply clerical errors in failing to copy in said returns the full number of blank ballots as counted, and that there was no error in the count of votes "Yes" and "No" on said question No. 4.

It appears that the result of the canvass of these votes, as announced on the night of the election and as certified by the inspectors, on this question, was accepted as correct for several months, and that said result was not disputed or challenged as to its correctness in any manner by the watchers at the polling place or by any person, until recently, when an application similar to this was made. See In re Ulrich et al., 122 N. Y. Supp. 601. In that case this court decided that it had no power to open these ballot boxes, except in judicial proceedings pending or about to be commenced. In order to overcome that difficulty the petitioners have since that decision brought an action in the Supreme Court against the State Commissioner of Excise, the county treasurer, and the town clerk, asking that the returns as filed in their offices and the result as certified to by the election officers be adjudged to be incorrect, as not stating the true result of said election on question No. 4, and that these officials be required to correct the statements and papers now on file in their respective offices.

The question as to whether or not this action can be maintained is not before me for decision; neither is the question of the effect of the demurrer to the complaint interposed in that action by the defendants. This application is made under section 374 of chapter 17 of the Consolidated Laws, which provides for the opening of the ballot boxes and an examination of the contents upon the order of the Supreme Court, or a justice thereof, or a county judge of the county, but is silent as to the conditions and circumstances under which this power is to be exercised.

There is no sufficient evidence before me that any ballot cast either in the affirmative or in the negative on question No. 4 was not counted as cast. It is possible that the inspectors did not follow exactly the letter of the law in making their canvass of the votes in the method of counting. Whether this is so or not, no objection was made by any one, and the result was accepted as correct; and if any clerical error was made in the returns as filed, by not properly inserting the number of blank ballots cast, there is no logical reason for believing that a correction of said returns would change the result on question No. 4 from the negative to the affirmative.

It seems to me that the election law of this state contemplates some finality of action on the part of election boards, and the power to review appears to be confined to the decision upon ballots rejected as void or

marked for identification, under section 114 (Laws 1896, c. 909). Matter of Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28. Also in the same case the court says:

"It was the object of the election law to permit a secret ballot, to secure an honest count, and to preserve for a reasonable time the best evidence in the event of legislative or judicial proceedings, instituted after the election was closed, for the purpose of trying the title of a person to the office, or for the purpose of criminally convicting the unfaithful election officer, * * * of an inquiry conducted by the federal or state Legislature to determine a right to a seat in that body. * * * Further, the preservation of the ballot boxes under lock and seal is directed for six months as evidence for use in the court."

To the same effect is People v. McClellan, 191 N. Y. 341, 84 N. E. 68. It is the settled public policy of this state, found in the provisions of the election law, that the results of an election should be speedily ascertained, the result declared, and certificates of election upon such declared results issued to those persons who upon the face of the returns have been elected to public office. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756.

When a court says that ballot boxes can be opened only when a judicial proceeding is pending or about to be commenced, I am of the opinion that they mean a judicial proceeding, which is something more than a mere proceeding in matter of form. I am also of the opinion that the words "for use as evidence" do not contemplate a mere examination of the ballots. to find out whether or not the ballot boxes contain evidence to substantiate the claim made by the petitioners, but that the term contemplates the opening of the ballot boxes in court for the purpose of offering the actual ballots in evidence, if necessary, the same as any documentary evidence is offered in evidence. There is nothing in the law that permits or contemplates the ballot boxes to be opened as a matter of curiosity, or for the purpose of finding out whether a person has a cause of action or not. People v. McClellan, 191 N. Y. 341, 84 N. E. 68.

I am clearly of the opinion that the pending action is not such an action or judicial proceeding as would warrant the relief asked for. If these ballots become necessary as evidence on the trial of the action now pending, and which is the foundation of this application, the Supreme Court has ample power to permit their being opened and used as evidence.

The application is denied, with costs. Ordered accordingly.