THE PEOPLE ex rel. EDWIN W. FISKE, Relator, *v.* HENRY BANTZ et al., Defendants.[*]

(Supreme Court, Westchester Special Term, May, 1918.)

*Elections — motion for an order directing commissioners of election of Westchester county to replace and reseal ballot box and return it to custody of clerk of city of Mount Vernon denied.*

MOTION directing the commissioners of election of county of Westchester to replace and reseal the ballot box and return same to custody of the clerk of the city of Mount Vernon.

Arthur M. Johnson, for relator.

J. Henry Esser (George H. Taylor, Jr., James H. Cavanaugh, of counsel), for defendant Brush.

SEEGER, J.   On January 7, 1918, the Special Term ordered the issuance of a peremptory writ of mandamus directing the inspectors of election of the third election district of the third ward of the city of Mount Vernon to reconvene, unseal and open the ballot box in said district, for casting the votes of soldiers, sailors and marines, to take the ballots therefrom, indorse them protested, etc.; to unseal and open the protested ballot package of that district, and place therein all the said ballots from the said ballot box, to reseal that package and deliver it to the commissioners of election of the county, and to file a supplemental statement showing that the said ballots so taken from the said ballot box and placed in the said envelope were so indorsed and filed.   The writ was accordingly issued and complied with in proceeding No. 2 above entitled.

[*] Affirmed by Appellate Division, Second Department, June 7, 1918.— [REPR.

In proceeding No. 3 the said Special Term made another order reciting that the court had opened the said envelope containing the said thirteen ballots, and had counted the same and determined that eight of them were cast for Edwin W. Fiske for mayor of the city of Mount Vernon, and five for Edward F. Brush for said office, and that the previous statement of the election inspectors that Fiske had received only five of said votes and that Brush had received eight of the same was false and untrue. Which order further directed that a peremptory writ of mandamus issue correcting the said original error of the inspectors. A peremptory writ of mandamus was issued thereat and the same was complied with. Both of the said orders of the Special Term were on appeal reversed by the Appellate Division of this court by orders granted January 18, 1918, and the said orders of the Appellate Division were affirmed by the Court of Appeals.

The defendant now moves this court for an order directing that the commissioners of election of the county of Westchester, or other person having in custody the said ballot box of soldiers, sailors and marines' ballots for the said office of mayor in the said district, and the envelope containing the void and wholly blank ballots of the said election district, and replace them in the said ballot box, reseal the said ballot box and return the same to the custody of the clerk of the city of Mount Vernon, the same to be preserved inviolate subject to the further order of this court. The original seals of the said ballot box have been broken and cannot be restored. The defendant has, and in fact both parties have, the right to have the said ballots kept in safe custody until the termination of this action, which is on the calendar of the June term for trial, and if the rights of the defendant were likely to be in anywise prejudiced by the present

custody of the said ballots, the defendant would have the absolute right to have said ballots returned to their original custody, and placed in some safe place, where access to the same could be had without prejudice to the rights of either party. It is difficult to see what possible necessity there now is for the return of the said ballots to the said ballot box, where the same would again be sealed up and where they could not be again examined or used up in the trial of this action, except pursuant to an order of this court, or a justice thereof. The return of the ballots would be attended with the risks of removal and transportation, and at the time of the trial of the action it would be necessary to bring them back to the court-house to subject them to the same risk, and it would require additional proof to identify the same and prove their preservation. The said ballots are now in the custody of the commissioners of election in the same building where the courts of Westchester county are held — a safer and more convenient place than the office of the clerk of the city of Mount Vernon, to which the defendant asks to have them returned.

Upon the trial of the action the ballots themselves are evidence upon proof that they have been preserved inviolate. *People* v. *McClellan,* 191 N. Y. 341, 350; *Matter of Metz* v. *Maddox,* 189 id. 460, 469; *Matter of Hearst* v. *Woelper,* 183 id. 274.

As no useful purpose will be attained by the return of the ballots now upon the eve of the trial of the action, the motion is denied.

Motion denied.