*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015          520623
_____

In the Matter of HEARST
    CORPORATION et al.,
                    Appellants,

        v
                                        MEMORANDUM AND ORDER
NEW YORK STATE POLICE,
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:   September 17, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

        Jonathan Donnellan, The Hearst Corporation, New York City,
for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered May 9, 2014 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent New York
State Police denying petitioners' Freedom of Information Law
request.

        Petitioner Hearst Corporation owns and publishes the Albany
Times Union and petitioner Brendon Lyons is a professional
journalist employed thereby.  Lyons submitted a request pursuant
to the Freedom of Information Law (Public Officers Law art 6

[hereinafter FOIL]) for the disclosure of all records relating to an alleged hit-and-run incident committed by respondent Brian T. Beardsley, a State Trooper who was off duty. Respondent New York State Police (hereinafter respondent) denied the request and, following an unsuccessful administrative appeal, petitioners commenced this CPLR article 78 proceeding seeking a judgment directing respondent to turn over the requested records, as well as costs and counsel fees. Petitioners initially named only respondent, and Supreme Court granted respondent's motion to dismiss the petition on the grounds that petitioners had failed to name Beardsley as a necessary party and the records were exempt from disclosure pursuant to Civil Rights Law § 50-a (1) as "personnel records." This Court reversed, finding that respondent had not established entitlement to the exemption at that procedural stage, and further finding that, although Beardsley was a necessary party, dismissal was not required as his joinder could be directed by court order (109 AD3d 32, 36-37 [2013]).

On remittal, petitioners, by amended notice and petition, joined Beardsley. Supreme Court held a hearing, at which Beardsley was in attendance, though he did not formally appear. Respondent identified, by affidavit of its FOIL officer, categories of records pertaining to the alleged incident, all of which, according to him, were collected or produced in an internal investigation pursuant to 9 NYCRR part 479. Supreme Court did not review such records in camera. The court thereafter found that all of the identified records were exempt from disclosure pursuant to Civil Rights Law § 50-a (1) and dismissed the petition on that basis. Petitioners now appeal.

"[P]ursuant to FOIL's general mission, which is to promote open government and public accountability, a government agency must make its records available to the public unless an exemption expressly provides otherwise" (Matter of Columbia-Greene Beauty Sch., Inc. v City of Albany, 121 AD3d 1369, 1370 [2014]; see Public Officers Law §§ 84, 87 [2]). "[E]xemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007]) and, thus, the party opposing disclosure bears the burden of establishing that the requested

information "fall[s] squarely within a statutory exemption" (Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany, 15 NY3d 759, 761 [2010]; see Public Officers Law § 89 [4] [b]). As is relevant here, Civil Rights Law § 50-a (1) exempts from disclosure the "personnel records" of police officers that are "used to evaluate performance toward continued employment or promotion."

Initially, we reject petitioners' contention that information created or collected pursuant to a misconduct investigation is not protected by Civil Rights Law § 50-a (1) unless respondent can establish that it was thereafter actually relied on in a decision-making process related to the relevant officer's continued employment or promotion. Proof that information was generated for the purpose of assessing an employee's alleged misconduct brings that information within the protection of Civil Rights Law § 50-a (1) (see Matter of Cook v Nassau County Police Dept., 110 AD3d 718, 720 [2013]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1293 [2009]; Matter of Argentieri v Goord, 25 AD3d 830, 832 [2006]). This does not end our inquiry, however, because uncontested evidence established that respondent's investigation of Beardsley continued after he had resigned as an employee of respondent. We agree with petitioners that police departments who investigate persons who are no longer their employees are not conducting investigations of "personnel" within the meaning of Civil Rights Law § 50-a (1). The plain meaning of the word personnel identifies individuals with some current employment relationship with an organization. This meaning of personnel is further confirmed by the statute, as individuals who are not current employees cannot be considered for either "continued employment or promotion" (Civil Rights Law § 50-a [1]). Accordingly, Supreme Court erred in finding that respondent met its burden of establishing that the materials resulting from its investigation after Beardsley had resigned were for the purpose of assessing his continued employment or promotion and that, as a result, Civil Rights Law § 50-a (1) provided confidentiality to such materials.

Having concluded that Supreme Court erred in dismissing the petition upon a finding that all requested information fell within Civil Rights Law § 50-a (1), we are constrained from

addressing respondent's alternative arguments for affirmance that additional exceptions to FOIL respectively apply to some or all of the requested information. We are unable to determine whether withheld materials fall within the scope of those asserted exemptions given that those materials are not within the record for our in camera review. Accordingly, we remit for consideration of such arguments after an in camera review of the responsive materials (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1126 [2013]; Matter of DJL Rest. Corp. v Department of Bldgs. of City of N.Y., 273 AD2d 167, 169 [2000]). Petitioners' remaining arguments are either academic, without merit or premature.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as found that materials created or acquired after respondent Brian T. Beardsley's resignation were exempt pursuant to Civil Rights Law § 50-a (1); matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court