Matter of Whitehead v Warren County Bd. of Supervisors (2018 NY Slip Op 07025)





Matter of Whitehead v Warren County Bd. of Supervisors


2018 NY Slip Op 07025


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526167

[*1]In the Matter of GARY TRAVIS WHITEHEAD, Appellant,
v WARREN COUNTY BOARD OF SUPERVISORS, Respondent.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Cameron J. Macdonald, Government Justice Center, Inc., Albany, for appellant.
Amy M. Lavine, Lake George, for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (Muller, J.), entered April 5, 2017 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In August 2016, respondent hired Bergmann Associates to evaluate the efficiency of a geothermal energy heating and cooling system that had previously been installed at the Warren County Municipal Center pursuant to a contract with Siemens Building Technologies. In November 2016, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent and the Warren County Department of Public Works seeking "all communications, reports, memos, etc between the County and [Bergmann] as they become available." Following several email exchanges, the Department ultimately provided responsive materials to petitioner on January 3, 2017. The following day, petitioner emailed Kevin Hajos, the Department's deputy superintendent, advising that he could not locate a particular draft engineering report prepared by Bergmann, prompting Hajos to inform petitioner that the County Attorney was examining whether said report was subject to disclosure pursuant to FOIL. Subsequently, on January 13, 2017, the Department provided petitioner with several appendices from the requested report, but otherwise denied his FOIL request, citing, as relevant here, an exception to disclosure under FOIL for certain inter- or intra-agency materials (see Public Officers Law § 87 [2] [g]). Petitioner's subsequent administrative appeal to respondent was similarly denied.
Petitioner then commenced this CPLR article 78 proceeding against respondent seeking an order vacating respondent's determination, releasing the entire Bergmann engineering report to petitioner and reimbursement for the filing fees incurred in commencing the subject proceeding. Respondent simultaneously answered and moved to dismiss the petition. In April 2017, while respondent's motion to dismiss was still pending, respondent provided petitioner a copy of the draft Bergmann engineering report requested. Respondent informed Supreme Court of this fact [*2]and, while not conceding that this disclosure was mandated under FOIL, requested that Supreme Court dismiss the petition as moot. In a brief decision issued two days later, Supreme Court agreed that the proceeding was moot and dismissed the petition. Petitioner now appeals.[FN1]
Petitioner contends that Supreme Court erred by dismissing the petition without addressing his request for filing fees [FN2]. We agree. Supreme Court could have, in its discretion, awarded petitioner "reasonable [counsel] fees and other litigation costs reasonably incurred" if he "substantially prevailed" in this proceeding and, as relevant here, the agency "had no reasonable basis for denying access" to the records sought (Public Officers Law § 89 (4) [former (c) (i)]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017]; Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1284-1285 [2018]). Notably, "a petitioner substantially prevails under Public Officers Law § 89 (4) (former [c]) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation" (Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1286 [internal quotation marks, brackets and citation omitted]). Respondent, while continuing to contend that the requested report was exempt from disclosure under FOIL, maintains that it released the report to petitioner because it no longer had any practical reason to withhold the report after settling its differences with Siemens. Respondent, therefore, maintains that its disclosure of the report was unrelated to petitioner having commenced the instant proceeding. Nevertheless, to the extent that petitioner only received a complete response to his FOIL request after having commenced the instant proceeding, we find that he substantially prevailed in the underlying FOIL litigation pursuant to Public Officers Law § 89 (4) (former [c]) (see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1286; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121-1122 [2013]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196 [2011]).
Turning to whether respondent had a reasonable basis for denying petitioner's FOIL request, we note that the draft Bergmann report was not included as part of the record on appeal, and it is not clear whether Supreme Court reviewed that report prior to dismissing the subject petition. On the record before us, therefore, we are unable to conduct the necessary review to determine whether respondent reasonably withheld its initial disclosure of the report on the ground that it constituted inter- or intra-agency material that was not "statistical or factual tabulations or data" (Public Officers Law § 87 [2] [g] [i]). Accordingly, we remit this matter to Supreme Court to conduct an in camera review of the responsive materials provided and determine whether respondent had a reasonable basis for denying petitioner's FOIL request (see Matter of Hearst Corp. v New York State Police, 132 AD3d 1128, 1130 [2015]). If it is determined that respondent lacked a reasonable basis to withhold the subject documents, Supreme Court should then determine, in its discretion, whether petitioner is entitled to the requested filing fees and costs (see Public Officers Law § 87 [4] [former (c) (i)]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's request for filing fees and costs; matter remitted to the [*3]Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: We find without merit respondent's contention that petitioner's brief and record on appeal were untimely filed. Petitioner filed his notice of appeal on April 28, 2017 and, therefore, had nine months from that date to file and serve a record and brief (see Rules of App Div, 3d Dept [22 NYCRR] § 800.12). Petitioner filed his brief on January 29, 2018; however, insofar as January 28, 2018 fell on a Sunday, petitioner had until the following business day to file and serve his record and brief and, as such, his filing was timely (see General Construction Law §§ 25-a [1]; 30).

Footnote 2: Petitioner concedes that his request to vacate respondent's determination and to require respondent to provide him with the draft Bergmann report is moot.